UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18 CV 1068 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Amanda Young seeks to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. For the reasons that follow, I will deny Young's motion without an evidentiary hearing.

Young pled guilty to conspiracy to distribute and possess with intent to distribute at least 4.5 kilograms of actual methamphetamine. Criminal Case No. 4:16CR426-CDP-5. Her sentencing guidelines range of imprisonment was 360 months to life, based on a total offense level of 39 and a criminal history category V. Presentence Report, ECF # 1776.[1] In her signed guilty plea agreement and in her plea colloquy, Young agreed that the appropriate total offense level was 39, because she was responsible for more than 4.5 kilograms of actual methamphetamine, that she possessed a firearm in connection with the offense, and

---

[1] All ECF numbers are from the criminal case file.

that she was an organizer, leader, manager or supervisor of the criminal activity. ECF # 1393 (guilty plea agreement); ECF # 1876 (plea transcript). The government agreed that she had accepted responsibility for her criminal conduct and further agreed not to file a criminal information charging her prior drug trafficking convictions, which would have increased the mandatory minimum sentence she was facing. Those prior convictions included both state and federal convictions for drug trafficking offenses. Young agreed to waive her right to appeal as part of the plea agreement. She repeatedly stated that she understood the agreement she signed, agreed with the facts, and was satisfied with her retained counsel, who are among the most-experienced counsel practicing in this district.

Despite the 360 to life guidelines range, I varied downward and sentenced Young to a total term of 228 months imprisonment. ECF # 1803. After sentencing, Young retained new counsel who filed a notice of appeal but later dismissed the appeal. ECF # 1831, 1890. Young then filed this *pro se* § 2255 motion alleging the following grounds for relief:

1) That counsel was ineffective for failing to challenge drug quantity and because the "amount and purity wasn't confirmed to the defendant by proper lab tests and explained to the defendant."

2) That counsel was ineffective for failing "to communicate pertinent information about the case, such as ballistic test on firearm. Defendant never possessed a dangerous weapon."

3) That counsel was ineffective for failing to "investigate statements that were proffered by several individuals against the defendant. These

    statements should have been argued as to the evidence against defendant."

4) That she was denied due process when "she was sentenced according to an illegal sentencing scheme."

In her reply brief, Young appears to add a claim that she was not properly advised of her appellate rights.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Young has no right to relief so I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted).

Each of Young's claims, including the added claim about appellate rights, are conclusively refuted by the record, including by her written guilty plea agreement, by her sworn testimony at her guilty plea hearing, and by her statements at the sentencing hearing that she was satisfied with counsel and had no

3

objections to the presentence report. As her claims conclusively refuted by that record, I will not hold an evidentiary hearing.

## B. Young Did Not Receive Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to state a claim, Young must prove two elements: First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Trial counsel is entitled to a "strong presumption" that his conduct falls within the wide range of professionally reasonable assistance. *Id.*; *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997).

Second, Young "must show that the deficient performance prejudiced the defense." 466 U.S. at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Young pled guilty, in order to demonstrate prejudice, she must demonstrate "that there is a reasonable probability that but for counsel's errors, [she] would not have pleaded guilty but

4

would have proceeded to trial." *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007); *United States v. Nesgoda*, 559 F.3d 867, 870 (8th Cir. 2009) (same). "To avoid dismissal, the movant must present some credible, non-conclusory evidence that she would have pled guilty had she been properly advised." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (internal citation and quotation omitted). The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

At the outset, Young does not assert anywhere in her § 2255 motion that she would not have pled guilty and would instead have proceeded to trial if not for her counsel's errors. Instead, Young requests relief in the form of "remand for resentencing," suggesting that she still would have pled guilty and that her complaints regarding her counsel's performance pertained to the sentence she received—not the guilty plea itself. In her reply brief she argues that the government shouldn't presume that she would not have pleaded guilty, but this is not the standard. It is her burden to prove that she was prejudiced by forgoing trial, and she has failed entirely to do that, even considering the vague statements in her reply brief. Young's failure to even allege that she would not have pleaded guilty is itself a sufficient reason to deny her ineffective assistance claims. I will nevertheless discuss the reasons that Young has failed entirely to show that her

5

counsel's performance was deficient or fell below the performance required by the Sixth Amendment.

Young's first claim is that her counsel provided ineffective assistance for failing to challenge the amount and purity of methamphetamine attributed to her. She further suggests in her reply brief that because her guilty plea agreement did not specify the precise amount of methamphetamine attributed to her—as opposed to the conspiracy as a whole—there was no "individualized" assessment of her culpability in the broader drug trafficking conspiracy. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Both assertions are flatly contradicted by the record and by Young's own statements under oath at the time of her plea.  Young's guilty plea contained a lengthy recitation of facts in which she admitted, among other things, that she was responsible for a shipment of 7 pounds of methamphetamine that a co-defendant retrieved from Kansas City on August 25, 2015.[2]  ECF # 1393 pg. 6-7.  She additionally admitted that she was responsible for a shipment of approximately 4223 grams of actual methamphetamine which was tested by a laboratory and found to have a purity of 97%.  *Id.* at pg. 9.  Finally, Young also admitted to personally participating in a transaction of five packages containing 2145 grams of actual methamphetamine, tested and found to have a purity of 98%.

---

[2] This shipment was not recovered by law enforcement, and as such, no laboratory tests were conducted.

6

*Id*.  Young confirmed, under oath, that she had "carefully" reviewed those facts in advance of her plea, and later affirmed that the facts were "all true."  ECF # 1876 at pg. 11.  At her sentencing hearing she stated that she had reviewed the presentence report with counsel and had no objections to any of its contents.  ECF # 1878.  Young thus admitted, confirmed, and reaffirmed that she was responsible for far more than 4.5 kilograms of actual methamphetamine.  Counsel was not ineffective for failing to object to or further investigate or further explain the drug quantity.

Young's second ineffective assistance claim is that her counsel failed to adequately communicate with her regarding her case, specifically with regard to a firearm, which, despite her admission at her plea, she now says she never possessed.  She also argues that counsel failed to communicate with her about a ballistic test on the firearm.  She does not specify whether she thinks the gun was tested and she wasn't told, or whether she thinks it should have been tested and that a test would have helped her in some way.  First, Young admitted that the gun was found at her home and that she possessed it in connection with her drug trafficking crime.  She was not charged with discharging the firearm, and it is hard to understand what a "ballistics test" would have shown.  Additionally, the government had no obligation to prove that the firearm was loaded or operable for the two-level enhancement under the sentencing guidelines to apply.  *See United*

7

*States v. Luster*, 896 F.2d 1122, 1128 (8th Cir. 1990).  Young admitted possessing the firearm and cannot now claim that she did not, and her counsel was not ineffective with regard to the firearm.

Young's third ineffective assistance claim—that her counsel's performance was constitutionally deficient for failing to "investigate statements proffered by several individuals against the defendant"—is also subject to summary dismissal. "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome of the [proceeding]."  *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (internal citation and quotation omitted).  Young has not identified any of the alleged individuals whom her counsel allegedly failed to investigate and she has not specified what these witnesses' testimony would have been, and so she plainly cannot demonstrate that their testimony "would have probably changed the outcome."  *Id.*

### C. Young Waived Her Right to Challenge Her Sentence

Young's fourth claim for relief is a vague, entirely unsupported assertion that she was "deprived of due process when she was sentenced according to an illegal sentencing scheme."  She does not explain what she thinks was illegal about

8

the sentencing scheme.[3]  This vague statement fails to show that Young is entitled to any relief.  Moreover, Young explicitly waived her right to file any post-conviction motion on any grounds other than prosecutorial misconduct or ineffective assistance of counsel.  ECF #1393 pg. 14.  To the extent this claim could be characterized as an ineffective assistance claim, Young has again failed to allege or demonstrate any way in which counsel was ineffective or that she was prejudiced by any alleged error.

### D. This Court Will Not Issue A Certificate of Appealability

As Young has not made a substantial showing of a federal constitutional right, this Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-32 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Amanda Young's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [1] is denied.

---

[3] To the extent her reply brief cites *Apprendi,* Young's own admission of the drug quantity refutes that type of constitutional claim.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Young has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accord with this order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2021.